**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHAGDAR BOLDMYAGMAR<br>YAGAAN ALTANTSETSEG<br>CHINZORIG BOLDMYAGMAR and<br>CHINBAYAR BOLDMYAGMAR,<br><br>Petitioners,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General<br><br>Respondent. | No. 13-72857<br><br>Agency Nos. A097-583-345,<br>A097-583-346,<br>A097-583-347,<br>A097-583-348<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 16, 2016[**]
San Francisco, California

Before: GOULD and BERZON, Circuit Judges, and SESSIONS,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable William K. Sessions III, District Judge for the U.S. District Court for the District of Vermont, sitting by designation.

Shagdar Boldmyagmar, Yagaan Altantsetseg, and Chinzorig and Chinbayar Boldmyagmar, all natives and citizens of Mongolia, petition for review of the Board of Immigration Appeals's ("Board") July 17, 2013 order denying their motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the Board's denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The Board did not abuse its discretion in denying petitioners' motion to reopen based on ineffective assistance of counsel. Petitioners did not establish that their prior attorneys provided deficient representation.

Petitioners asserted that two of their previous attorneys provided ineffective assistance of counsel by not filing an earlier motion to reopen to raise arguments regarding (1) the denial of petitioners' request for relief under the Convention Against Torture ("CAT"); and (2) alleged interpretation errors that occurred during petitioners' removal proceedings. A motion to reopen "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). As the Board correctly noted in its decision, both petitioners' CAT claim and their claim regarding the alleged interpretation errors

could have been presented in their initial appeal to the Board. The petitioners did not otherwise identify any previously unavailable evidence that their previous attorneys could have offered in support of a motion to reopen. Thus, because petitioners did not show that their prior attorneys had viable grounds to file a motion to reopen removal proceedings, they did not establish that either attorney acted incompetently by choosing not to submit such a motion. For this reason, we find that the Board did not abuse its discretion in denying petitioners' motion to reopen based on their claim of ineffective assistance of counsel.

The Board also did not abuse its discretion in denying the motion by relying in part on petitioner's noncompliance with the procedural prerequisites for establishing ineffective assistance of counsel in a motion to reopen, which were set out in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). While strict compliance with the *Lozada* procedural prerequisites is not necessary, *Castillo-Perez v. INS*, 212 F. 3d 518, 525 (9th Cir. 2000) the Board's consideration of petitioners' noncompliance was not an abuse of discretion, given that the record does not show "a clear and obvious case of ineffective assistance." *See Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1227 (9th Cir. 2002) (citing *Castillo-Perez*, 212 F. 3d at 526).

Because the Board did not err in denying the motion to reopen, petitioners' contention that the denial of their motion violated due process necessarily fails.

*See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring "error and substantial prejudice" to prevail on a due process claim).

Finally, we lack jurisdiction to review the Board's decision not to administratively close Chinzorig and Chinbayar Boldmyagmar's proceedings. *See Diaz-Covarrubias v. Mukasey*, 551 F.3d 1114, 1115 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**